ACCEPTED
14-15-00025-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
3/10/2015 10:36:25 AM
CHRISTOPHER PRINE
CLERK

No. 14-15-00025-CR

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
3/10/2015 10:36:25 AM
CHRISTOPHER A. PRINE
Clerk

IN THE
COURT OF APPEALS
FOR THE FOURTEENTH SUPREME JUDICIAL DISTRICT
AT HOUSTON, TEXAS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

NATHAN JONES, Appellant

Vs.

THE STATE OF TEXAS, Appellee

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

BRIEF OF APPELLANT
(ANDERS BRIEF)
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Respectfully submitted,

SUE BERKEL
PO BOX 303063
AUSTIN, TEXAS 78703
TELE: 512 689-8733
FAX: 512 323-5039

NO ORAL ARGUMENT REQUESTED

By:/s/SueBerkel_____
SUE BERKEL
ATTORNEY FOR
APPELLANT
STATE BAR NO. 02202525

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of the parties of the judgment appealed from and the names and addresses of all trial and appellate counsel.

Defendant/Appellant                                      Nathan Jones

Prosecution/Appellee                                     The State of Texas


Trial and Appellate Attorney for the State    David A. Escamilla
State Bar No.  06662300
Travis County Attorney
Travis County  Attorney's Office
314 West 11th St.
Austin, Texas 78701
Phone:   (512) 854-9415


Trial Attorney for Defendant       Mr. Matthew Jones
State Bar No. 10929150
Attorney at Law
4408 Spicewood Springs Rd..
Austin, Texas   78759
Phone: (512)  451 6991


Appellate Attorney for Defendant     Sue Berkel
State Bar No. 02202525
Attorney at Law
PO Box 303063
Austin, Texas 78703
Phone: (512) 689-8733

2

## TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

POSSIBLE ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    9

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

# INDEX OF AUTHORITIES

## CASES

*Brooks v. State* 323, S.W.3d 893, 905-907 (Tex.Crim. App.2010). . . . . . . . . . .  9

*Davis v. State,* 947 S.W. 12d 240, 244 (Tex. Crim. App. 1997). . . . . . . . . . . . . .11

*Derichsweiler v. State,* 348 S.W.3d 906 (Tex.Crim.App. 2011) . . . . . . . . . . . . . 11

*Ford v. State,* 158 s.W.3d 488, 492 (Tex. Crim. App. 2005) . . . . . . . . . . . . . . . 11

*Garcia v. State,* 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). . . . . . . . . . . . . . . 10

*Maryland v. Wilson,* 519 U.S. 408, 411 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Temple v. State* 342 S.W.3d 572 (Tex.App.Houston(14th Dist.) 2010).  . . . . . . . . 9

*Terry v. Ohio,* 392 U.S. 1, 22 (1968)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*State v. Castleberry,* 332 S.W.3d 460 (Tex.Crim.App. 2011). . . . . . . . . . . . . . . 11

*United States v. Sokolow,* 490 U.S.1, 10 (1989) . . . . . . . . . . . . . . . . . . . . . . . . 10

## OTHER AUTHORITY

.
Tex. Penal Code Section 49.04  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

4

STATEMENT OF THE CASE

This is an appeal of a criminal conviction of Driving While Intoxicated, a Class B misdemeanor. The offense was allegedly committed on or about January 18, 2014. Appellant pled not guilty to the offense, and after trial, the Judge found the Defendant guilty and sentenced him to 180 days confinement probated for two years with no fine or community service but required a mental health assessment, completion of a MADD class and the installation of an ignition interlock for the first six months of probation. From that judgment Appellant would appeal, however, after the undersigned counsel has made a conscientious examination of the clerk's and reporter's records, the undersigned counsel can find no basis for appeal and to assert any basis would be wholly frivolous. All references to the Clerk's Record shall be cited as (C.R.  ) followed by the page number and all references to the Reporter's Record shall be cited as (R.R.   ) followed by the volume (v) and page numbers (  ).

POSSIBLE ISSUES PRESENTED

POSSIBLE POINT OF ERROR ONE

This cause should be reversed because the evidence is legally insufficient to uphold Appellant's conviction

5

POSSIBLE POINT OF ERROR TWO

This cause should be reversed because there was no reasonable suspicion to stop the Appellant.

STATEMENT OF THE FACTS

On or about January 18, 2014, Officer Miranda McGee with the University of Texas police department, observed Appellant's vehicle travelling northbound on Guadalupe St. straddling the center line. (RR, v.2, pgs.8, 12-13). Officer McGee was westbound on 24th and turned northbound onto Guadalupe St., a public street, in Austin, Travis County, Texas. (RR v. 2, pgs.12-13, 17) Guadalupe has two lanes which travel southbound and two lanes which travel northbound and a bike lane on the right but there is no turn lane. (RR v. 2, pg. 13) Prior to Officer McGee first observing Appellant's car, another car, a black car, had turned into Appellant's lane in front of Appellant and Appellant had to slow down to allow that other car to turn into Appellant's lane. (RR v, 2, pg. 45). Officer McGee saw Appellant's VW straddling the center dotted line while Appellant's car appeared to be pushing into the car in the adjoining lane. (RR v2, pg. 13) Appellant's car was going out of his northbound lane and other driver looked like he was being forced out of his adjoining northbound lane and was being pushed into the bike lane. (RR v2, pg. 13) Appellant explained that because the other driver had cut him off,

6

he was wanting to get even with that driver so that he could mean mug him. (RR v. 2, pg. 49-50) Officer McGee was concerned for the safety of the other driver. (RR v. 2, pg. 14) Appellant's car then went back into his own lane (the left hand lane) but moved into the other car's lane (the right hand lane) cutting the other car off at the intersection of Guadalupe and Dean Keeton. (RR v. 2, pg. 14) Appellant did not leave enough distance between the two cars when he moved into the right hand lane nor did Appellant signal that he was moving from the left hand lane into the right hand lane. (RR v. 2, pgs. 14-15) Officer McGee activated her overhead lights and Appellant used his turn signal to turn right on 27th street and pulled over right away at approximately 3:17 a.m. (RR v. 3, pg. 15) Officer McGee approached Appellant and asked him why he was driving so aggressively and Appellant replied "because the driver of the other car was driving like an asshole." (RR v. 2, pg. 17). Officer McGee noticed a moderate odor of alcohol emitting from Appellant's vehicle and noticed that Appellant had slightly slurred speech and glassy eyes. (RR v. 2, pgs 17-18). There was nobody else in Appellant's car and Appellant related that he was coming from a fire twirling event and had three beers (or three jack and sodas according to Appellant's testimony) and that it was 1:45 a.m. (RR v. 2, pgs. 18-19, 55). Officer McGee administered the HGN test and noticed four of six clues, that Appellant's eyes lacked smooth pursuit in both

7

eyes and had distinct and sustained nystagmus in both eyes. (RR v. 2, pg. 20).

Officer McGee administered the walk and turn test and noticed that Appellant had an improper turn, stepped off the line, used his arms for balance and missed his heel to toe. (RR v. 2, pg. 21) If a DWI suspect misses four or more clues on the walk and turn test, the officer should continue the test so Officer McGee offered Appellant the opportunity to do the one leg stand test, however, Appellant refused. (RR v. 2, pg. 22) Appellant then began to shout about medical marijuana and when Officer McGee asked Appellant to count out loud, Appellant told Officer McGee to count out loud. (RR v. 2, pg. 23) Officer Zavala had arrived as a back up officer and had to forcibly push Appellant into the patrol car after Officer McGee arrested Appellant for DWI. (RR v. 2, pgs. 23-24) When Officer McGee read the DIC-24 statutory warnings to Appellant he shouted over her that she was to "get your fucking radio and order a breathalyzer on the spot", however, once Appellant arrived at the jail, he refused the intoxilyzer test. (RR v. 2, pgs. 25-27)

## SUMMARY

Appellant could possibly complain that the evidence is not sufficient to support his conviction and that it was error for the Court to rule that there was reasonable suspicion to stop Appellant.

POSSIBLE ARGUMENT UNDER POINT OF ERROR NO. ONE

A possible point of error is that this cause should be reversed because the evidence admitted at trial was legally insufficient to support a guilty verdict. The Court of Criminal Appeals has held that there is only one standard, the legal sufficiency standard, to be used to evaluate whether the evidence is sufficient to support a criminal conviction. *Brooks v. State* 323, S.W.3d 893, 905-907 (Tex.Crim.App.2010) When reviewing sufficiency of the evidence under the legal sufficiency standard, the Court reviews all of the evidence in the light most favorable to the verdict to determine whether the jury was rationally justified in finding guilty beyond a reasonable doubt. *Temple v. State* 342 S.W.3d 572 (Tex.App.Houston(14th Dist.) 2010). The State had the burden to prove that on January 18, 2014, Appellant operated a motor vehicle in a public place in Travis County, Texas while intoxicated. (CR pgs. 10-11) Tex. Penal Code Section 49.04. Officer McGee's testimony that Appellant operated a motor vehicle on January 18, 2014 in a public place in Travis County, Texas was uncontroverted. (RRv2, pg. 17) The State also proved beyond a reasonable doubt that Appellant was intoxicated through the officers testimony regarding Appellant's driving, appearance, demeanor and performance on the field sobriety tests and the video which was admitted into evidence. (RR v. 2, pgs. 9-36, State's Exhibit 1). The

9

State met its burden of proof in this case and to assert otherwise would be frivolous.

POSSIBLE ARGUMENT UNDER POINT OF ERROR NO. TWO

A possible point of error is that this cause should be reversed because the State failed to establish reasonable suspicion for the stop of Appellant's vehicle. Appellant's counsel argued in his closing arguments that there was no reason to pull Appellant's vehicle over, in other words that there was no reasonable suspicion for the stop. (RR v. 2, pg 68) Such an argument could have been made in a motion to suppress which if successful could have suppressed the evidence of intoxication, however, there was overwhelming evidence that Officer McGee had a reasonable suspicion to stop Appellant.

Law enforcement officers may stop and briefly detain persons suspected of criminal activity on less information than is constitutionally required for probable cause to arrest. *Terry v. Ohio,* 392 U.S. 1, 22 (1968) To initiate an investigative stop, the officer must possess a reasonable suspicion based on specific articulable facts that, in light of the officer's experience and general knowledge, would lead the officer to reasonably conclude the person detained actually is, has been, or soon will be engaged in criminal activity. *United States v. Sokolow,* 490 U.S.1, 10 (1989); *Garcia v. State,* 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). These facts

10

must be more than a mere hunch or suspicion. *Davis v. State,* 947 S.W. 12d 240, 244 (Tex. Crim. App. 1997).

An investigative stop must be objectively reasonable in light of the particular circumstances of the case. *Maryland v. Wilson,* 519 U.S. 408, 411 (1997); *Terry,* 392 U.S. at 21-22. Whether the officer's suspicion was reasonable is evaluated based on "an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists." *Ford v. State,* 158 s.W.3d 488, 492 (Tex. Crim. App. 2005). It should be based on the totality of the circumstances. *See Derichsweiler v. State,* 348 S.W.3d 906 (Tex.Crim.App. 2011) The Court of Criminal Appeals clarified that the test for reasonable suspicion does not require the facts to point to the actual or impending commission of a particular crime because a brief investigative detention constitutes a significantly lesser intrusion upon the privacy and integrity of the person than a custodial arrest. *Id.* The Court of Criminal Appeals even more recently held that an officer can have a reasonable suspicion to stop a suspect even if there is a possibility of an innocent explanation for the suspect's conduct. *State v. Castleberry,* 332 S.W.3d 460 (Tex.Crim.App. 2011). In this case, Officer McGee observed Appellant's vehicle straddle the center lane, move dangerously into another car's lane causing that car to move into the bike lane, cut off the other

11

car at the intersection of Dean Keeton and Guadalupe while failing to signal a lane change.  (RR v. 2, pgs. 11-17).  Officer McGee did not see the other car make an unsafe turn into Appellant's lane and even if that did in fact occur, that does not negate Appellant's failure to stay in his single lane of traffic.  (RR v.2, pg. 32-34, 45)  Officer McGee had personally observed several traffic violations and as such had a reasonable suspicion to stop Appellant.  *Id.*

PRAYER

For the reasons stated above, Appellant respectfully prays that the Court of Appeals grant the undersigned counsel's motion to withdraw because Appellant's appeal is frivolous.

Respectfully submitted,

SUE BERKEL

PO BOX 303063

AUSTIN, TEXAS 78703

TELE: 512 689-8733

FAX: 512 323-5039

By:_/s/Sue Berkel_____

SUE BERKEL

ATTORNEY FOR

APPELLANT

STATE BAR NO. 02202525

## CERTIFICATE OF SERVICE

By my signature above, I to certify that the above instrument has been served on the Travis County Attorney's Office and on the Appellant, at 1200 w. 40th #108 Austin Texas 78756 this___10___day of March, 2015.

## CERTIFICATE OF COMPLIANCE

By my signature above, I certify that pursuant to TRAP 9.4(i), the length of this brief is 2792 words.